Vanessa W. Vallarta, City Attorney #142404
OFFICE OF THE CITY ATTORNEY
200 Lincoln Avenue
Salinas, CA 93901
Telephone: (831) 758-7256
Facsimile: (831) 758-7257

Vincent P. Hurley #111215
Susan K. Blitch #187761
Douglas F. Young #84531
LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation
38 Seascape Village
Aptos, California 95003
Telephone: (831) 661-4800
Facsimile: (831) 661-4804

Attorneys for Defendants
CITY OF SALINAS and SALINAS POLICE DEPARTMENT;
SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BETTY LOU HESTON, individually, and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased,<br><br>                Plaintiffs,<br><br>  vs.<br><br>CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ , TIM SIMPSON and TASER INTERNATIONAL, INC., and DOES 1 to 10,<br><br>                Defendants. | Case No. C-05-03658 JW (RS)<br><br>**STIPULATION FOR INDEPENDENT PSYCHOLOGICAL EXAMINATION AND ORDER THEREON** |

1

1  IT IS STIPULATED by and between the CITY OF SALINAS and SALINAS POLICE
2  DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI,
3  CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ,
4  JUAN RUIZ and TIM SIMPSON (hereinafter "SALINAS DEFENDANTS") on the one hand
5  and BETTY LOU HESTON, individually and ROBERT H. HESTON, individually and as the
6  personal representatives of ROBERT C. HESTON, deceased (hereinafter "PLAINTIFFS"), on
7  the other hand, as follows:
8  SALINAS DEFENDANTS have stated to PLAINTIFFS their intention to notice the
9  deposition of Plaintiff BETTY LOU HESTON, for purposes of discovering the nature and extent
10  of her claims and her knowledge as a percipient witness of the facts of the case.
11  PLAINTIFFS have indicated to SALINAS DEFENDANTS their belief that Plaintiff
12  BETTY LOU HESTON is mentally and emotionally incapable of providing competent
13  testimony in this case.  Attached to this stipulation as **Exhibit A**, and made a part here of, is a
14  Notice of Objection to Taking Deposition of Plaintiff Betty Lou Heston, referencing therein the
15  agreement by PLAINTIFFS that the deposition of BETTY LOU HESTON may go forward
16  despite the objection if a psychological independent medical examination by a physician chosen
17  by SALINAS DEFENDANTS shows that BETTY LOU HESTON is competent to give
18  deposition testimony.  It is further agreed that the occasion of this examination or examinations
19  should also be used to examine BETTY LOU HESTON with regard to her claims of mental and
20  emotional injuries, if the medical and psychological examiners determine her to be capable of
21  participating meaningfully in such further examinations.
22  The parties therefore agree that if the Court shall so order pursuant to their stipulation,
23  BETTY LOU HESTON shall make herself available at 1:30 p.m.. on August 25, 2006, at the
24  office of Mark Snyder, M.D., 2505 Samaritan Drive, Suite 604, San Jose, CA, and at 10:00 a.m.
25  on August 28, 2006, at the office of James W. Bryant, Ph.D., 2505 Samaritan Drive, Suite 303,
26  San Jose, CA on those occasions to reasonably cooperate with psychiatric independent medical
27  examinations on the following conditions:
28  1.  No painful or physically intrusive tests will be conducted.

1     2.    The examining psychiatrist or psychologist as it may be, may ask, and Plaintiff shall answer, questions on which the examining physician or psychiatrist may determine the ability of Plaintiff to respond meaningfully and competently to a deposition regarding the facts and circumstances of the case and regarding her claim of mental and emotional injuries.  She will also cooperate with an examination relating to the nature and extent of the injuries alleged to have been sustained by her as a result of the incident that is the subject matter of this action; present symptoms and conditions; medical and psychiatric history, including the manner in which the injuries were incurred; prior injuries and diseases; alcohol and medication intake; drug use; her occupational history; or such other questions as are necessary to reach an opinion about her medical condition, the cause of the alleged psychological and emotional injuries, and their relationship if any to the subject matter of this action.

    3.    The examining psychiatrist or psychologist may use and Plaintiff shall cooperate in the use of, accepted diagnostic instruments, tests, and techniques, including the use of standard psychological tests and tests to measure cognitive impairment.

    4.    Attendance of the examination by anyone other than Plaintiff ROBERT HESTON, the psychiatrist or psychologist and their medical staff will not be permitted.

    5.    Recording the examination through the use of a court reporter, tape recorder, videotape, or other similar method will not be permitted.

    6.    If the examiners conclude that BETTY LOU HESTON is competent to give deposition testimony, SALINAS DEFENDANTS shall immediately give notice of taking deposition of BETTY LOU HESTON at the earliest date convenient to both parties.  If this date shall fall beyond the date set for discovery cutoff by previous court order, discovery shall remain

/ / /

/ / /

/ / /

/ / /

/ / /

3

1 open or may be reopened for the purpose of taking that deposition only, and for no other purpose
2 without further court order.
3 IT IS SO STIPULATED.
4 Dated: August 2, 2006

LAW OFFICES OF VINCENT P. HURLEY
A Professional Corporation

By: _____/S/_____
VINCENT P. HURLEY
Attorneys for Defendants CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON

Dated: 08/02/06

LAW OFFICES OF JOHN BURTON

By: _____/S/_____
JOHN BURTON
Attorneys for Plaintiffs BETTY LOU HESTON, individually and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased

Dated: 08/02/06

WILLIAMSON & KRAUS

By: _____/S/_____
PETER M. WILLIAMSON
Attorneys & Co-Counsel for Plaintiffs BETTY LOU HESTON, individually and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased

**ORDER**

Based on the stipulation of the parties, and good cause appearing therefore,

IT IS ORDERED AS FOLLOWS:

BETTY LOU HESTON shall make herself available at 1:30 p.m. on August 25, 2006, at the office of Mark Snyder, M.D., 2505 Samaritan Drive, Suite 604, San Jose, CA, and at 10:00 a.m. on August 28, 2006, at the office of James W. Bryant, Ph.D., 2505 Samaritan Drive, Suite 303, San Jose, CA on those occasions to reasonably cooperate with psychiatric independent medical examinations on the following conditions:

1. No painful or physically intrusive tests will be conducted.

2. The examining psychiatrist or psychologist as it may be, may ask, and Plaintiff shall answer, questions on which the examining physician or psychiatrist may determine the ability of Plaintiff to respond meaningfully and competently to a deposition regarding the facts and circumstances of the case and regarding her claim of mental and emotional injuries. She will also cooperate with an examination relating to the nature and extent of the injuries alleged to have been sustained by her as a result of the incident that is the subject matter of this action; present symptoms and conditions; medical and psychiatric history, including the manner in which the injuries were incurred; prior injuries and diseases; alcohol and medication intake; drug use; her occupational history; or such other questions as are necessary to reach an opinion about her medical condition, the cause of the alleged psychological and emotional injuries, and their relationship if any to the subject matter of this action.

3. The examining psychiatrist or psychologist may use and Plaintiff shall cooperate in the use of, accepted diagnostic instruments, tests, and techniques, including the use of standard psychological tests and tests to measure cognitive impairment.

4. Attendance of the examination by anyone other than Plaintiff ROBERT HESTON, the psychiatrist or psychologist and their medical staff will not be permitted.

5. Recording the examination through the use of a court reporter, tape recorder, videotape, or other similar method shall not be permitted.

1    7.   If the examiners conclude that BETTY LOU HESTON is competent to give
2 deposition testimony, SALINAS DEFENDANTS shall immediately give notice of taking
3 deposition of BETTY LOU HESTON at the earliest date convenient to both parties.  If this date
4 shall fall beyond the date set for discovery cutoff by previous court order, discovery shall remain
5 open or may be reopened for the purpose of taking that deposition only, and for no other purpose
6 without further court order.

9 Dated:  August 4, 2006

_____
The Honorable James Ware

Judge of the United States District Court for the
Northern District of California