1 | John Burton, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
2 | 414 South Marengo Avenue
Pasadena, California  91101
3 |
Telephone:   (626) 449-8300
4 | Facsimile:   (626) 449-4417
E-Mail:     jb@johnburtonlaw.com
5 |
PETER M. WILLIAMSON, State Bar No. 97309
6 | WILLIAMSON & KRAUSS
18801 Ventura Boulevard., Suite 206
7 | Tarzana, California  91356
8 | Telephone:   (818) 344-4000
Facsimile:   (818) 344-4899
9 | E-Mail:     pmw@williamson-krauss.com

10 | Attorneys for Plaintiffs Betty Lou Heston, individually,
and Robert H. Heston, individually and
11 | as the personal representatives of Robert C. Heston, deceased

12 |

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15 |

16 | BETTY LOU HESTON, individually,
and ROBERT H. HESTON,
17 | individually and as the personal
representatives of ROBERT C.
18 | HESTON, deceased,
19 |                     Plaintiffs,
20 |         v.
21 | CITY OF SALINAS and SALINAS
POLICE DEPARTMENT, SALINAS
22 | POLICE CHIEF DANIEL ORTEGA,
SALINAS POLICE OFFICERS
23 | MICHAEL DOMINICI, CRAIG
FAIRBANKS, JAMES GOODWIN,
24 | LEK LIVINGSTON, VALENTIN
PAREDEZ, JUAN RUIZ and TIM
25 | SIMPSON, TASER INTER-
NATIONAL, INC.,  and DOES 1 to
26 | 10,
27 |                     Defendants.
28 |

Case No. C 05-03658 JW

NOTICE OF MOTION AND
MOTION TO AUGMENT
PLAINTIFFS EXPERT WITNESS
DESIGNATION TO INCLUDE
DR. TERRI HADDIX, M.D..;
MEMORANDUM OF POINTS AND
AUTHORITIES; DECLARATION
OF PETER M. WILLIAMSON IN
SUPPORT THEREOF

DATE:      January 22, 2006
TIME:      9:00 A.M.
ROOM:     Courtroom "4"

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 22, 2007 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 of the above-captioned court, located at 280 South First Street, San Jose, California, plaintiffs will move for an order permitting plaintiffs to augment their original expert designation to include forensic pathologist, Dr. Terri Haddix, M.D., based upon the grounds stated herein, including (1) Dr. Haddix was not designated as an expert witness in plaintiff's original expert designation due to a misunderstanding of the Court's Standing Order filed January 18, 2006; (2) Dr. Haddix, while not a true "treating physician" was the pathologist who performed the autopsy on decedent, Robert Heston, Jr., and (3) a strict reading of the Court's Standing Order filed January 18, 2006 indicates that "all witnesses who are regular employees or agents or treating physician who may be called to provide expert opinion testimony" must be included in a party's designation of experts.

This Motion to Augment plaintiff's original expert designation is based on this Notice of Motion, the attached Memorandum of Points and Authorities, on the attached declaration of Peter M. Williamson, and on such other and further matters as the Court may consider at the hearing of this motion.

DATED:   December 11, 2006

> Respectfully submitted,
>
> THE LAW OFFICES OF JOHN BURTON
>
> WILLIAMSON & KRAUSS
>
>
>
> By:  /s/ Peter M. Williamson
> PETER M. WILLIAMSON
> Attorneys for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiffs Betty Lou Heston and Robert H. Heston  bring this action as a result of the death of their son, Robert C. Heston, who died after Salinas Police Department officers shocked him repeatedly with several Taser weapons.

On February 19, 2005, decedent's father called 911 for assistance. Decedent has been acting strangely and his father suspected decedent – who had a history of struggling with substance abuse – might be under the influence. Salinas Police Department officers responded to the call. Decedent was in the open front doorway.  Police officers, armed with Tasers shocked decedent repeatedly, until decedent went into cardiac arrest. Paramedics administered CPR and were able to restore his breathing and heartbeat. Decedent was transported to the hospital but did not regain consciousness.  He died the next day.

On December 4, 2006, the parties exchanged expert designations and reports. Plaintiff's failed to designate Terri L. Haddix, M.D., as a expert witness.  Dr. Haddix is the pathologist who was assigned by the Monterey County Sheriff-Coroner to perform the autopsy on decedent, Robert Heston, Jr.  In a strict sense, she is not a "treating physician" nor have plaintiffs retained her as an "expert witness." Nonetheless, plaintiffs' counsel do intend to call Dr. Haddix as a witness and elicit her opinions concerning the autopsy she performed on Mr. Heston and, most importantly for this case, the cause of death.

Dr. Haddix submitted an extensive report setting forth the autopsy findings and her conclusions.  She was deposed by defendants for nearly eight hours and her findings and conclusions are well known by all the parties. Defendant Taser's expert reports cite Dr. Haddix repeatedly and criticize her findings at length. There is no prejudice to anyone from granting the motion.

Shortly after serving its expert designation, plaintiffs' counsel revisited the Court's Scheduling Order filed January 18, 2006, and realized they may have erred in failing to include Dr. Haddix in their initial expert designation. This fact was brought to the

attention of defense counsel by faxed letter on December 6, 2006.[1]   Counsel were requested to sign a stipulation permitting the designation of Dr. Haddix as well as two other pathologists, Drs. John Hain and Steven Karch, who reviewed her autopsy and issued reports for the Monterey County Sheriff-Coroner. (Taser deposed both these doctors as well.)   Counsel for Taser refused to stipulate to the designation of these doctors, making the instant motion necessary.

2.     PLAINTIFFS' FAILURE TO DESIGNATE TERRI L. HADDIX, M.D. AS AN EXPERT WITNESS WAS DUE TO THEIR MISUNDERSTANDING OF THE COURT'S STANDING ORDER DATED JANUARY 18, 2006.

Paragraph 5 of the Court's Scheduling Order filed January 18, 2006 states in pertinent part:

> "Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed. R. Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony."

Court's Scheduling Order filed January 18, 2006, pages 2-3.

Initially plaintiffs' counsel did not believe that it was necessary for them to designate Dr. Haddix as an expert witness.  Dr. Haddix has not been retained by plaintiffs.  She is not a treating physician in the true sense.  However, a close  reading of the Court's Scheduling Order would seem to suggest that any person with special qualifications from whom the parties intend to illicit expert opinions should be designated as an expert witness. Counsel's failure to designate Dr. Haddix was simply due to their misunderstanding of the requirements of the Scheduling Order and was not intended to deceive the Court or counsel.

Plaintiffs' counsel took immediate steps to rectify this situation by contacting all

---

[1]A copy of this letter is attached hereto and incorporated herein by this reference as Exhibit "A".

parties through their respective counsel by faxed letter on December 6, 2006 (merely two days after the original designation was made) and requesting that they stipulate to the designation of Dr. Haddix as an expert witness.   Counsel refused.   Thus, the instant motion became necessary.

>    3.    DEFENDANTS WILL SUFFER NO PREJUDICE BY PERMITTING PLAINTIFFS TO AUGMENT THEIR EXPERT DESIGNATION TO INCLUDE TERRI HADDIX, M.D.

The failure of plaintiffs to designate Dr. Haddix will have no prejudicial effect on the defendants to this action.   The findings and conclusions of Dr. Haddix are well known to the parties.    All parties are in possession of the 15-page Autopsy Report that was authored by Dr. Haddix on July 15, 2005.   In addition, all parties were present for the deposition of Dr. Haddix on September 27, 2006. This deposition lasted for approximately 7 hours and generated a transcript that is 270 pages long.

Plaintiffs sought to augment their expert designation by stipulation within two days after their original designation.  Counsel's letter of December 6, 2006 clearly indicated that the failure to designate Dr. Haddix was based, for no other reason, on a possible misunderstanding of the Court's Scheduling Order. Counsel acted diligently in immediately seeking to rectify this omission by requesting that the parties stipulate to permit plaintiffs to augment their expert designation.   When the defendants refused, plaintiffs immediately prepared and filed the instant motion.

1

    4.    CONCLUSION

2

    For the foregoing reasons, Plaintiffs' Motion to Augment its expert designation

3

should be granted.

4

DATED:   December 11, 2006

5

                                    Respectfully submitted,

6

                                    WILLIAMSON & KRAUSS

7

8

9

                                    By:  /s/ Peter M. Williamson
10
                                         PETER M. WILLIAMSON
                                         Attorneys for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>DECLARATION OF PETER M. WILLIAMSON</u>

2

I, PETER M. WILLIAMSON, declare:

3       1.      That I am an attorney at law duly licensed to practice before all courts in the
4   State of California and am a member of the bar of this Court.   I am co-counsel, along with
5   John Burton, for the plaintiffs herein.

6       2.      That if called to testify in this matter, I could and would competently testify
7   to the following facts of my own personal knowledge.

8       3.      That the instant action involves claims against the City of Salinas and several
9   of its police officers for excessive force and other civil rights violations resulting in the death
10  of decedent, Robert C. Heston, on February 19, 2005.   In their complaint, plaintiffs' also
11  named, Taser International, Inc., alleging among other things that Taser's electronic shock
12  weapons are unreasonably dangerous and defective because they are sold without warnings
13  regarding the effect of multiple shocks and the danger of shocking people who are under
14  the influence of drugs or who may have unhealthy hearts.

15      4.      That on December 4, 2006, the parties exchanged expert designations and
16  reports.  Plaintiffs omitted Dr. Terrix L. Haddix from their expert designation based on the
17  mistaken understandingthat it was unnecessary to designate her because she was not
18  retained as an expert and was not a "treating physician" in the strict sense.

19      5.      That a further reading of the Scheduling Order would seem to suggest that
20  any person who the parties intend to illicit expert opinions from should be designated as
21  an expert witness.

22      6.      That plaintiffs' counsel acted diligently to rectify its omission of Dr. Haddix
23  as an expert witness by immediately communicating their omission to counsel for the
24  defendants.

25      7.      That on December 6, 2006, John Burton and I drafted a letter to defendants'
26  counsel explaining our misunderstanding of the Court's Standing Order and requesting
27  that the parties stipulate to the designation of Dr. Haddix.   A copy of this letter is attached
28  hereto as Exhibit "A".

8.     That Taser has refused to stipulate the designation of Dr. Haddix.  As a result, the instant motion became necessary.

I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

Executed this 11th day of December, 2006 in Tarzana, California.


_____/s/ Peter M. Williamson_____
PETER M. WILLIAMSON