Mildred K. O'Linn, Esq. (State Bar No. 159055)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ** LLP
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com

Attorneys for Defendant,
TASER INTERNATIONAL, INC.

*IT IS SO ORDERED*
*Judge James Ware*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON, individually, and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ, TIM SIMPSON and TASER INTERNATIONAL, INC., and DOES 1 to 10,<br><br>Defendants. | Case No.: C 05-03658 JW<br>[James Ware, United States District Judge]<br><br>**STIPULATION AND [PROPOSED] ORDER RE: SCHEDULING DATES RE EXPERT DEPOSITIONS AND CONTINUANCE OF PRE-TRIAL AND TRIAL SETTING CONFERENCE**<br><br>Pre-Trial Conf: 5/8/07<br>Mtn Cut/Off: 4/9/07<br>Expert Witness<br>Disc. Cut/Off: 3/30/07 |

TO THE HONORABLE COURT:

IT IS HEREBY STIPULATED by and between the parties to this action, through their respective counsel of record that:

1. Defendant, TASER International will have until March 9, 2007 to provide previously undisclosed research done by Dr. Ho which is two (2) days after the Protective Order proposed by Stipulation by the parties was issued;

2. Plaintiffs' counsel will have until March 23, 2007 (2 weeks after the

-1-

    additional disclosures) to provide the additional research and information to plaintiffs' experts for review and issuance of any supplemental expert reports if deemed appropriate;

3. Thereafter defendants will have until April 6, 2007 to respond to those supplemental reports, if deemed necessary

4. Defendants thereafter will have until April 27, 2007 to complete plaintiffs' experts' depositions and to determine which of defendant TASER's experts it still deems necessary and to notify plaintiffs' counsel of defendant TASER's decision;

5. Plaintiffs' counsel will thereafter have until May 25, 2007 to complete the deposition of the defendants' experts. Nothing in this paragraph shall be deemed to deprive plaintiffs of their right to challenge ex parte defendant TASER's designations of experts as unduly burdensome, repetitive or redundant.

6. Tendering parties are to pay the expert witness fees of the tendering party's experts' depositions and the lodging and travel expenses of the opposing counsel incurred as a result of taking the depositions of experts tendered by the other party. It is within the tendering party's discretion as to where depositions of their experts will take place;

7. The pre-trial and trial setting conference previously scheduled for May 8, 2007 at 9:30 a.m. be continued to June 21, 2007 at 9:30 a.m.

8. Parties will file pre-trial and trial setting conference reports ten (10) days before the June 21, 2007 hearing date and also file with the Court in writing documents with regard to good cause or the lack thereof for multiple experts in various subject areas to be called at the time of trial.

Good cause exists for issuance of this Order based on the following:

On February 5, 2007, counsel for the parties appeared before the Court in this matter on the motions noticed by plaintiffs with regard to various issues dealing with the

expert designations. During the course of the hearing, the Court discussed with counsel for the parties the various concerns relative to the expert designations and inquired about the time needed to complete various portions of the expert discovery in this matter and the exchange of further research and data that was the subject of a potential protective order. (The parties are still waiting for certain rulings from the Court on submitted matters.)

As a result of those discussions, counsel for the parties were of the belief that the following schedule had been established by the Court:

1. That defendant, TASER International would have two (2) weeks to provide previously undisclosed research done by Dr. Jeffrey Ho;

2. Plaintiffs' counsel would then have an additional two (2) weeks to provide the additional research and information to plaintiffs' experts for review and issuance of any supplemental expert reports if deemed appropriate;

3. Thereafter defendants would have two (2) weeks to respond to those supplemental reports, if any, and then would proceed with the depositions of the plaintiffs' experts;

4. Defendants thereafter would have until April 3, 2007 to complete plaintiffs experts' depositions and to determine if all of defendant TASER's experts were still necessary and notify plaintiffs counsel of defendant TASER's decision. Defendant TASER would also need to be prepared to present to the Court good cause in writing by April 28, 2007 if defendant TASER concluded that multiple experts in various subject areas were necessary.

5. Plaintiffs' counsel would thereafter have until April 30, 2007 to complete the deposition of the defendants' experts;

6. The Court set the Pre-Trial and Trial Setting Conference for May 8, 2007 at 9:30 a.m. and ordered that the parties file the pre-trial and trial setting conference reports ten (10) days before that hearing; and

7. The Court indicated that the tendering parties were each to pay the lodging

and travel expenses of the opposing counsel for the tendering parties experts' depositions and tendering parties will pay their own experts fees for depositions.

An Order was issued in this matter with regard to this hearing on February 8, 2007 which set forth the following dates:

    Defendants' written report of all experts due by 2/26/2007;

    Plaintiffs' written report of all experts due by 3/2/2007;

    Plaintiffs to finish depositions of defendants' experts by 3/6/2007;

    Defendants to finish depositions of plaintiffs' experts by 4/3/2007.

Counsel for the parties bring this matter to the attention of the Court inasmuch as it does not appear that the dates set forth in the February 8, 2007 Order comport with the indicated intent of the Court at the hearing. In particular it was clear to the parties that the Court intended that the defendants would be taking the plaintiffs' expert witness depositions first. Additionally, counsel for the parties have concern about the likelihood of the completion of the expert depositions in the timeframes as set forth in the Court's written Order.

Furthermore, counsel for the parties were notified that the Magistrate responsible for the review of the proposed Protective Order with regard to Dr. Jeffrey Ho's research and data required modifications which were circulated to counsel for the parties and had to be re-submitted to the Court prior to the disclosure of any unpublished research and data. That proposed Protective Order was re-submitted promptly following the direction received from the Court on February 16, 2007 and was signed by Magistrate Judge Richard Seeborg on March 7, 2007. While a portion of Dr. Ho's research was published and thereafter disseminated on February 6, 2007 to plaintiffs' counsel and co-defense counsel by defendant TASER International, Inc., additional data and research was not disseminated until the issuance of the signed protective order. Having received the revised proposed Protective Order on March 7, 2007 the additional research was transmitted on March 8, 2007.

Clearly, the compressed time schedule given the Court's intent of the initial three (3) week segments for the resolution of various issues in this schedule does not allow sufficient time for the completion of expert deposition of potentially twenty (20) total experts by three sets of parties between March 26, 2007 and sometime before April 27, 2007 when the pre-trial and trial setting conference reports would have been due in accordance with the Court's Order. Therefore, the parties are requesting a brief continuance of the date selected for the pre-trial and trial setting conference.

DATED: March 9, 2007                THE LAW OFFICES OF JOHN BURTON

                                     By: _____
                                           John Burton
                                     Attorneys for Plaintiffs, BETTY LOU
                                     HESTON, individually and ROBERT H.
                                     HESTON, individually and as the personal
                                     representatives of ROBERT C. HESTON,
                                     deceased.

DATED: March __, 2007                WILLIAMSON & KRAUSS

                                     By: _____
                                           Peter M. Williamson
                                     Attorneys for Plaintiffs, BETTY LOU
                                     HESTON, individually and ROBERT H.
                                     HESTON, individually and as the personal
                                     representatives of ROBERT C. HESTON,
                                     deceased.

Clearly, the compressed time schedule given the Court's intent of the initial three (3) week segments for the resolution of various issues in this schedule does not allow sufficient time for the completion of expert deposition of potentially twenty (20) total experts by three sets of parties between March 26, 2007 and sometime before April 27, 2007 when the pre-trial and trial setting conference reports would have been due in accordance with the Court's Order. Therefore, the parties are requesting a brief continuance of the date selected for the pre-trial and trial setting conference.

DATED: March __, 2007           THE LAW OFFICES OF JOHN BURTON


By: _____
    John Burton
Attorneys for Plaintiffs, BETTY LOU HESTON, individually and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased.

DATED: March 12, 2007           WILLIAMSON & KRAUSS


By: _____
    Peter M. Williamson
Attorneys for Plaintiffs, BETTY LOU HESTON, individually and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased.

-5-
G:\docsdata\MKO\Heston\Pleadings\Stipulation.004.Scheduling Dates Re Expert Depos.wpd
STIPULATION AND [PROPOSED] ORDER

| | | |
|---|---|---|
| 1 | DATED: March __, 2007 | THE LAW OFFICES OF VINCENT P. HURLEY |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Doug C. Young |
| 5 | | Vincent P. Hurley<br>Attorneys for Defendants, CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | DATED: March __, 2007 | OFFICE OF THE CITY ATTORNEY |
| 10 | | |
| 11 | | By: _____ |
| 12 | | Vanessa W. Vallarata, Esq.<br>Attorneys for Defendants, CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | DATED: March __, 2007 | MANNING & MARDER KASS, ELLROD, RAMIREZ LLP |
| 18 | | |
| 19 | | |
| 20 | | By: _____<br>Mildred K. O'Linn |
| 21 | | Attorneys for Defendant,<br>TASER INTERNATIONAL, INC. |
| 22 | | |
| 23 | DATED: March __, 2007 | |
| 24 | | |
| 25 | | By: _____<br>Michael Brave, Esq. |
| 26 | | Attorney Pro Hac Vice<br>for Defendant,<br>TASER INTERNATIONAL, INC. |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | DATED: March ___, 2007 | THE LAW OFFICES OF VINCENT P. HURLEY |
| 2 | | |
| 3 | | |
| 4 | | By:_____<br>Vincent P. Hurley |
| 5 | | Attorneys for Defendants, CITY OF SALINAS and SALINAS POLICE DEPARTMENT, |
| 6 | | SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, |
| 7 | | JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ and |
| 8 | | TIM SIMPSON |
| 9 | DATED: March 16, 2007 | OFFICE OF THE CITY ATTORNEY |
| 10 | | |
| 11 | | By: /s/ Vanessa W. Vallarata |
| 12 | | Vanessa W. Vallarata, Esq.<br>Attorneys for Defendants, CITY OF SALINAS |
| 13 | | and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, |
| 14 | | MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, |
| 15 | | VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON |
| 16 | | |
| 17 | DATED: March 19, 2007 | MANNING & MARDER KASS, ELLROD, RAMIREZ LLP |
| 18 | | |
| 19 | | |
| 20 | | By: /s/ Mildred K. O'Linn |
| 21 | | Mildred K. O'Linn<br>Attorneys for Defendant, |
| 22 | | TASER INTERNATIONAL, INC. |
| 23 | DATED: March 19, 2007 | |
| 24 | | |
| 25 | | By: /s/ Michael Brave |
| 26 | | Michael Brave, Esq.<br>Attorney Pro Hac Vice |
| 27 | | for Defendant,<br>TASER INTERNATIONAL, INC. |
| 28 | | |

-6-

G:\docsdata\MKO\Hoston\Pleadings\Stipulation.004.Scheduling Dates Re Expert Depos.wpd

STIPULATION AND [PROPOSED] ORDER

| | |
|---|---|
| 1 | **ORDER** |
| 2 | PURSUANT TO STIPULATION, IT IS ORDERED AS FOLLOWS: |

1. Defendant, TASER International will have until March 9, 2007 to provide previously undisclosed research done by Dr. Ho which is two (2) days after the Protective Order proposed by Stipulation by the parties was issued;

2. Plaintiffs' counsel will have until March 23, 2007 (2 weeks after the additional disclosures) to provide the additional research and information to plaintiffs' experts for review and issuance of any supplemental expert reports if deemed appropriate;

3. Thereafter defendants will have until April 6, 2007 to respond to those supplemental reports, if deemed necessary

4. Defendants thereafter will have until April 27, 2007 to complete plaintiffs' experts' depositions and to determine which of defendant TASERs experts it still deems necessary and to notify plaintiffs' counsel of defendant TASER's decision;

5. Plaintiffs' counsel will thereafter have until May 25, 2007 to complete the deposition of the defendants' experts. Nothing in this paragraph shall be deemed to deprive plaintiffs of their right to challenge ex parte defendant TASER's designations of experts as unduly burdensome, repetitive or redundant.

6. Tendering parties are to pay the expert witness fees of the tendering party's experts' depositions and the lodging and travel expenses of the opposing counsel incurred as a result of taking the depositions of experts tendered by the other party. It is within the tendering party's discretion as to where depositions of their experts will take place;

7. The pre-trial and trial setting conference previously scheduled for May 8, 2007 at 9:30 a.m. be continued to ~~June 21~~ Monday, June 25, 2007 at ~~9:30 a.m.~~ 10 AM

-7-
G:\docsdata\MKO\Heston\Pleadings\Stipulation.004.Scheduling Dates Re Expert Depos.wpd
STIPULATION AND [PROPOSED] ORDER

8.  Parties will file pre-trial and trial setting conference reports ten (10) days before the June 21, 2007 hearing date and also file with the Court in writing documents with regard to good cause or the lack thereof for multiple experts in various subject areas to be called at the time of trial.

DATED: March 20, 2007

_____
James Ware
United States District Judge

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On March 19, 2007, I served the document described as **STIPULATION AND [PROPOSED] ORDER RE: SCHEDULING DATES RE EXPERT DEPOSITIONS AND CONTINUANCE OF PRE-TRIAL AND TRIAL SETTING CONFERENCE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in an envelope for collection and delivery on this date in accordance with standard United Parcel Services overnight delivery procedures.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number: 626-449-4417; 818-344-4899; 831-661-4804; and 831-758-7257

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare under penalty of perjury under the laws of the United States of America, that the above is true and correct.

Executed on March 19, 2007, at Los Angeles, California.

Frances Perez

G:\docsdata\MKO\Heston\POS.WPD

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | |
| 3 | John Burton, Esq. |
| | THE LAW OFFICES OF JOHN BURTON |
| 4 | 414 South Marengo Avenue |
| | Pasadena, CA 91101 |
| 5 | 626-449-8300 phone |
| | 626-449-4417 fax |
| 6 | jb@johnburtonlaw.com |
| | **Attorney for Plaintiffs, ROBERT H. HESTON and BETTY LOU HESTON** |
| 7 | |
| 8 | Peter M. Williamson |
| | WILLIAMSON & KRAUSS |
| 9 | 18801 Ventura Blvd., Suite 206 |
| | Tarzana, CA 91356 |
| 10 | 818-344-4000 phone |
| | 818-344-4899 fax |
| 11 | pmw@williamson-krauss.com |
| | **Co-counsel for PlaintiffS, ROBERT H. HESTON and BETTY LOU HESTON** |
| 12 | |
| 13 | Vincent P. Hurley, Esq. |
| | Christina Y. Tsou, Esq. |
| 14 | Law Offices of Vincent P. Hurley |
| | A Professional Corporation |
| 15 | 38 Seascape Village |
| | Aptos, CA 95003 |
| 16 | 831-661-4800 phone |
| | 831-661-4804 fax |
| 17 | **Attorneys for Defendants**, CITY OF SALINAS and SALINAS POLICE |
| | DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, |
| 18 | MICHAEL DOMINIC, CRAIG FAIRBANKS, |
| | JAMES GODWIN, LEK LIVINGSTON, |
| 19 | VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON |
| 20 | |
| 21 | Vanessa W. Vallarta, Esq. |
| | Jessica Steinberg, Esq. |
| 22 | OFFICE OF THE CITY ATTORNEY |
| | 200 Lincoln Avenue |
| 23 | Salinas, CA 93901 |
| | 831-758-7256 phone |
| 24 | 831-758-7257 fax |
| | **Co-defense counsel for defendants,** |
| 25 | Attorneys for Defendants, CITY OF SALINAS and SALINAS POLICE |
| | DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, |
| 26 | MICHAEL DOMINIC, CRAIG FAIRBANKS, |
| | JAMES GODWIN, LEK LIVINGSTON, |
| 27 | VALENTIN PAREDEZ, JUAN RUIZ and TIM SIMPSON |
| 28 | |

G:\docsdata\MKO\Heston\POS.WPD

Michael Brave, Esq.
Wisconsin State Bar No. 1012226
National Litigation Counsel
3209 South Pointe Court
Eau Claire, WI 54701
(651) 248-2809

**Attorney Pro Hac Vice
for Defendant,**
TASER™ INTERNATIONAL, INC.

G:\docsdata\MKO\Heston\POS.WPD