1  John Burton, State Bar No. 86029
   THE LAW OFFICES OF JOHN BURTON
2  414 South Marengo Avenue
   Pasadena, California 91101
3
   Telephone: (626) 449-8300
4  Facsimile: (626) 449-4417
   E-Mail:     jb@johnburtonlaw.com
5
   PETER M. WILLIAMSON, State Bar No. 97309
6  WILLIAMSON & KRAUSS
   18801 Ventura Boulevard., Suite 206
7  Tarzana, California 91356
8  Telephone: (818) 344-4000
   Facsimile: (818) 344-4899
9  E-Mail:     pmw@williamson-krauss.com
10 Attorneys for Plaintiffs Betty Lou Heston and Robert H. Heston,
   individually, and Misty Kastner as the personal representative
11 of Robert C. Heston, deceased
12
13              **UNITED STATES DISTRICT COURT**
14             **NORTHERN DISTRICT OF CALIFORNIA**
15
16 BETTY LOU HESTON and ROBERT        Case No. C 05-03658 JW (RS)
   H. HESTON, individually, and MISTY
17 KASTNER, as the personal           **PLAINTIFFS' PROPOSED JURY**
   representative of ROBERT C.         **INSTRUCTIONS**
18 HESTON, deceased,                   **(LIABILITY PHASE)**
19             Plaintiffs,             **Pretrial Conference:**
20     v.                             Date:      April 29, 2008
                                      Time:      1:00 p.m.
21 CITY OF SALINAS, SALINAS           Courtroom: 8
   POLICE DEPARTMENT, MICHAEL
22 DOMINICI, JAMES GODWIN, LEK        **Trial:**
   LIVINGSTON, JUAN RUIZ and
23 TASER INTERNATIONAL, INC.,         Date:      May 13, 2008
                                      Time:      9:00 a.m.
24             Defendants.            Courtroom: 8
25
26
27
28

1    The following instructions are based on Ninth Circuit Model Instructions unless

2    otherwise noted.

3    Respectfully submitted,

4    DATED:   March 31, 2008            THE LAW OFFICES OF JOHN BURTON
                                        WILLIAMSON & KRAUSS
5

6

7                                       BY:  /s/ PETER M. WILLIAMSON
                                             Attorneys for Plaintiffs
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.1C  DUTY OF JURY

2      Members of the Jury: Now that you have heard all of the evidence and the
3  arguments of the attorneys, it is my duty to instruct you as to the law of the case.

4      A copy of these instructions will be sent with you to the jury room when you
5  deliberate.

6       You must not infer from these instructions or from anything I may say or do as
7  indicating that I have an opinion regarding the evidence or what your verdict should
8  be.

9      It is your duty to find the facts from all the evidence in the case.  To those facts
10  you will apply the law as I give it to you.  You must follow the law as I give it to you
11  whether you agree with it or not.  And you must not be influenced by any personal likes
12  or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the
13  case solely on the evidence before you.  You will recall that you took an oath to do so.

14      In following my instructions, you must follow all of them and not single out
15  some and ignore others; they are all important.

16

17

18

19

20

21

22

23

24

25

26

27

28

## 1.2  CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that:

1.     Defendants Godwin, Livingston, and Ruiz subjected the decedent, Robert C. Heston, to excessive force and deprived plaintiffs Betty Lou Heston and Robert H. Heston of their familial relationship with their son, Robert C. Heston.

2.     Defendant Dominici was an integral part of the aforementioned constitutional violations and he is responsible for the misconduct as a supervisor.

3.     Defendants City of Salinas and Salinas Police Department were deliberately indifferent in the training and supervision of the defendant officers.

4.     Defendants Dominici, Godwin, Livingston, and Ruiz committed a battery on the decedent.

5.     Defendants Dominici, Godwin, Livingston, and Ruiz were negligent in regards to the health and welfare of the decedent.

6.     Defendants City of Salinas and Salinas Police Department were negligent in regards to the training and supervision of officers.

7.     Defendant TASER International, Inc., negligently manufactured and marketed the M-26  ECD without providing adequate warnings that repeated applications of its electrical current can cause cardiac arrest, especially in persons who are in an agitated or excited physical state.

8.     Defendant TASER International, Inc., is strictly liable because the M-26 ECD was manufactured and marketed without adequate warnings that repeated applications of the electrical current can cause cardiac arrest, especially in persons who are in an agitated or excited physical state.

9.     The wrongful conduct of defendants was a substantial factor in causing the decedent, Robert C. Heston, to undergo cardiac arrest on February 19, 2005, and to pass away the next day from the effects of the cardiac arrest.

1    The plaintiffs have the burden of proving these claims.

2    The defendants denies those claims and also contend that:

3

4    The defendants have the burden of proof on these affirmative defenses.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

2

When a party has the burden of proof on any claim or affirmative defense by a

3   preponderance of the evidence, it means you must be persuaded by the evidence that

4   the claim or affirmative defense is more probably true than not true.

5

You should base your decision on all of the evidence, regardless of which party

6   presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.5  TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

1

## 1.6  WHAT IS EVIDENCE

2

The evidence you are to consider in deciding what the facts are consists of:

3

1.      the sworn testimony of any witness;

4

2.      the exhibits which are received into evidence; and

5

3.      any facts to which the lawyers have agreed.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.7  WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

## 1.8  EVIDENCE FOR LIMITED PURPOSE

2      Some evidence may be admitted for a limited purpose only.

3      When I instruct you that an item of evidence has been admitted for a limited

4 purpose, you must consider it only for that limited purpose and for no other.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 1.9  DIRECT AND CIRCUMSTANTIAL EVIDENCE

2   Evidence may be direct or circumstantial.  Direct evidence is direct proof of a

3 fact, such as testimony by a witness about what that witness personally saw or heard

4 or did.  Circumstantial evidence is proof of one or more facts from which you could

5 find another fact.  You should consider both kinds of evidence.  The law makes no

6 distinction between the weight to be given to either direct or circumstantial evidence.

7 It is for you to decide how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# 1.11  CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

1

## 2.2  STIPULATIONS OF FACT

2          The parties have agreed to certain facts. You should therefore treat these facts

3  as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

2

3      A deposition is the sworn testimony of a witness taken before trial.  The witness

4  is placed under oath to tell the truth and lawyers for each party may ask questions.  The

5  questions and answers are recorded

6      You should consider deposition testimony, presented to you in court in lieu of

7  live testimony, insofar as possible, in the same way as if the witness had been present

8  to testify.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.5  TRANSCRIPT OF TAPE RECORDING

You have listened to a tape recording that has been received in evidence.  Each of you were given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.  However, bear in mind that the tape recording is the evidence, not the transcript. If you heard something different from what appeared in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

1

## 2.10  USE OF INTERROGATORIES OF A PARTY

2          Evidence was presented to you in the form of answers of one of the parties to

3   written interrogatories submitted by the other side.  These answers were given in

4   writing and under oath, before the actual trial, in response to questions that were

5   submitted in writing under established court procedures.  You should consider the

6   answers, insofar as possible, in the same way as if they were made from the witness

7   stand.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 2.11  EXPERT OPINION

2          Some witnesses, because of education or experience, are permitted to state

3   opinions and the reasons for those opinions.

4          Opinion testimony should be judged just like any other testimony. You may

5   accept it or reject it, and give it as much weight as you think it deserves, considering

6   the witness's education and experience, the reasons given for the opinion, and all the

7   other evidence in the case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

2    Certain charts and summaries not received in evidence have been shown to you

3   in order to help explain the contents of books, records, documents, or other evidence

4   in the case.  They are not themselves evidence or proof of any facts.  If they do not

5   correctly reflect the facts or figures shown by the evidence in the case, you should

6   disregard these charts and summaries and determine the facts from the underlying

7   evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 2.13  CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

## 2.14  EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows

1   access to such materials, you must inform me  immediately and refrain from viewing

2   such materials.  Do not remove the computer or any electronic data [disk] from the jury

3   room, and do not copy any such data.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 4.1  CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

2

3       All parties are equal before the law and a corporation  is entitled to the same fair

4  and conscientious consideration by you as any party.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 4.2  LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

**9.1 SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION**

The plaintiffs bring their claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

1

2

## 9.2  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF

3    In order to prevail on their § 1983 claims against the defendants Ruiz,

4 Livingston, Godwin and Dominci, the plaintiffs must prove each of the following

5 elements by a preponderance of the evidence:

6         1.      the defendant acted under color of law; and

7         2.      the acts of the defendant deprived the plaintiffs or the decedent of

8                 particular rights under the United States Constitution as explained in later

9                 instructions.

10    A person acts "under color of law" when the person acts or purports to act in the

11 performance of official duties under any state, county, or municipal law, ordinance, or

12 regulation.  The parties have stipulated that defendants Ruiz, Livingston, Godwin and

13 Dominci acted under color of law.

14    If you find the plaintiffs have proved each of these elements, and if you find that

15 the plaintiffs have proved all the elements they are required to prove under Instruction

16 9.22, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have

17 failed to prove any one or more of these elements, your verdict should be for the

18 defendants.

19

20

21

22

23

24

25

26

27

28

1

2

**SPECIAL INSTRUCTION – INTEGRAL PARTICIPATION**

(*Blankenhorn v. City of Orange*, 485 F.3d 463, 481 (9th Cir. 2007))

3

4

Plaintiffs do not contend that defendant Michael Dominici directly subjected plaintiffs or the decedent, Robert C. Heston, to a constitutional violation.

5

6

7

8

A defendant's liability under section 1983 is predicated on his "integral participation" in the alleged violation, and does not require that each officer's actions themselves rise to the level of a constitutional violation. But it does require some fundamental involvement in the conduct that allegedly caused the violation.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9.3  SECTION 1983 CLAIM AGAINST SUPERVISORY DEFENDANT IN INDIVIDUAL CAPACITY—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against the supervisory defendants, Michael Dominici and Juan Ruiz, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    the defendants acted under color of law;

2.    the acts of the defendants' subordinates Livingston and Godwin, deprived the plaintiffs or the decedent of particular rights under the United States Constitution as explained in later instructions; and

3.    the defendants directed their subordinates in the acts that deprived the plaintiffs or the decedent of these rights,

   or

the defendanst set in motion a series of acts by their subordinates that they knew or reasonably should have known would cause the subordinates to deprive the plaintiffs or the decedent of these rights,

   *or*

(a)    the defendants knew, or reasonably should have known, that their subordinates were engaging in these acts and that their conduct would deprive the plaintiffs or the decedent of these rights; and

(b)    the defendants failed to act to prevent their subordinates from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that defendants Dominici and Ruiz acted under color of law.

If you find the plaintiffs has proved each of these elements, and if you find that the plaintiffs has proved all the elements they are required to prove under Instruction 9.22, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs has

1   failed to prove any one or more of these elements, your verdict should be for the

2   defendants.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**9.7  SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS BASED ON POLICY OF FAILURE TO TRAIN OR SUPERVISE—ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their § 1983 claim against defendants City of Salinas and Salinas Police Department alleging liability based on a policy of failure to train or supervise their police officers, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     the acts of defendants Ruiz, Dominici, Livingston and Godwin deprived the plaintiffs or the decedent of particular rights under the United States Constitution as explained in later instructions;

2.     defendants Ruiz, Dominici, Livingston and Godwin acted under color of law;

3.     the training and supervision policies of the defendants City of Salinas and Salinas Police Department were not adequate to train their police officers to handle the usual and recurring situations with which they must deal;

4.     the defendants City of Salinas and Salinas Police Department were deliberately indifferent to the obvious consequences of their failure to train and supervise their police officers adequately; and

5.     the failure of the defendants City of Salinas and Salinas Police Department to provide adequate training caused the deprivation of the plaintiffs' and decedent's rights by defendants Ruiz, Dominici, Livingston and Godwin ; that is, the failure to train or supervise by defendants City of Salinas and Salinas Police Department is so closely related to the deprivation of the plaintiffs' and decedent's rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the officers acted under color of law.

1    "Deliberate indifference" is the conscious choice to disregard the consequences

2    of one's acts or omissions.  The plaintiffs may prove deliberate indifference in this case

3    by showing that the defendants  City of Salinas and Salinas Police Department  knew

4    their failure to train or supervise adequately made it highly predictable that their police

5    officers would engage in conduct that would deprive persons such as the decedent of

6    his rights.

7         If you find the plaintiffs have proved each of these elements, and if you find that

8    the plaintiffs have proved all the elements they are required to prove under Instruction

9    9.22, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have

10   failed to prove any one or more of these elements, your verdict should be for the

11   defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## 9.8  CAUSATION

2   In order to establish that the acts of the defendants City of Salinas, Salinas Police

3   Department, Michael Dominici, James Godwin, Lek Livingston, or Juan Ruiz deprived

4   the plaintiffs or the decedent of their particular rights under the laws of the  United

5   States Constitution as explained in later instructions, the plaintiffs must prove by a

6   preponderance of the evidence that the acts were so closely related to the deprivation

7   of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## 9.22  PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE SEIZURE OF PERSON—GENERALLY

As previously explained, the plaintiffs have the burden to prove that the acts of the defendants City of Salinas, Salinas Police Department, Michael Dominici, James Godwin, Lek Livingston, or Juan Ruiz deprived the plaintiffs or the decedent of particular rights under the United States Constitution.

Under the Fourth Amendment, a person, such as the decedent Robert C. Heston, has the right to be free from an unreasonable seizure of his person. Under the Fourteenth Amendment, the plaintiffs have a right to a familial relationship with their son, the decedent Robert C. Heston.

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest or in defending himself or others. In this case, the plaintiffs allege the defendants deprived the decedent, Robert of his right under the Fourth Amendment to the Constitution to be free from excessive force by administering shocks from TASER Model M-26 Electronic Control Devices after he fell to the floor in plaintiffs' home.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances.  In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officers used excessive force in this case, consider all of the circumstances known to the officers on the scene, including:

1.  The severity of the crime or other circumstances to which the officers were responding;

2.  Whether the decedent posed an immediate threat to the safety of the officers or to others;

3.  Whether the decedent was actively resisting arrest or attempting to evade arrest by flight;

4.   The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5.   The type and amount of force used; and

6.   The availability of alternative methods to take the decedent into custody.

1    **CACI 400 NEGLIGENCE: ESSENTIAL FACTUAL ELEMENTS**

2          Plaintiffs claim that they and the decedent were harmed by the negligence of the

3    defendants TASER International, Inc., City of Salinas, Salinas Police Department,

4    Michael Dominici, James Godwin, Lek Livingston, and Juan Ruiz . To establish this

5    claim, plaintiffs must prove all of the following:

6          1. That the defendant City of Salinas, Salinas Police Department, Michael

7    Dominici, James Godwin, Lek Livingston, or Juan Ruiz was negligent;

8          2. That plaintiffs or their decedent Robert C. Heston were harmed; and

9          3. That the negligence of defendant City of Salinas, Salinas Police Department,

10   Michael Dominici, James Godwin, or Lek Livingston was a substantial

11   factor in causing plaintiffs or the decedent to suffer harm.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CACI 401. BASIC STANDARD OF CARE

2    Negligence is the failure to use reasonable care to prevent harm to oneself or to

3    others.

4    A person can be negligent by acting or by failing to act. A person is negligent

5    if he or she does something that a reasonably careful person would not do in the same

6    situation or fails to do something that a reasonably careful person would do in the same

7    situation.

8    You must decide how a reasonably careful person would have acted in the

9    situation.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **CACI 1200. STRICT LIABILITY—ESSENTIAL FACTUAL ELEMENTS**

2          Plaintiffs claim that plaintiffs and the decedent Robert C. Heston was harmed by

3    a product distributed, manufactured and sold by TASER International, Inc., that did not

4    include sufficient instructions or warning of potential safety hazards.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

# CACI 1205. STRICT LIABILITY—FAILURE TO WARN—ESSENTIAL FACTUAL ELEMENTS

3      Plaintiffs claim that the TASER Model M-26 lacked sufficient warning of
4  potential risks. To establish this claim, plaintiffs must prove all of the following:

5      1. That defendant TASER International Inc., manufactured the TASER Model
6  M-26;

7      2. That the TASER Model M-26 had potential risks that were known or
8  knowable by the use of scientific knowledge available at the time of manufacture or
9  sale;

10      3. That the potential risks presented a substantial danger to people on whom the
11  TASER Model M-26 might be used;

12      5. That TASER International Inc.,failed to adequately warn or instruct of the
13  potential risks;

14      6. That the TASER Model M-26  was used or misused in a way that was
15  reasonably foreseeable to TASER International Inc.;

16      7. That plaintiffs or the decedent were harmed; and

17      8. That lack of sufficient instructions or warnings was a substantial factor in
18  causing plaintiffs or the decedent  harm.

19      Defendant TASER International, Inc., had a continuing duty to warn police
20  officers as long as the product was in use.

21
22
23
24
25
26
27
28

1

## 1222. NEGLIGENCE—MANUFACTURER OR SUPPLIER—DUTY TO

2

## WARN—ESSENTIAL FACTUAL ELEMENTS

3      Plaintiffs' claim that Taser International, Inc., was negligent by not using

4   reasonable care to warn or instruct about the Taser M-26' dangerous condition or about

5   facts that make the Taser M-26 likely to be dangerous. To establish this claim,

6   Plaintiffs' must prove all of the following:

7      1. That Taser International, Inc.  manufactured the Taser M-26;

8      2. That Taser International, Inc.,  knew or reasonably should have known that

9   the Taser M-26 was dangerous or was likely to be dangerous when used in a reasonably

10  foreseeable manner;

11     3. That Taser International, Inc., knew or reasonably should have known that

12  users would not realize the danger;

13     4. That Taser International Inc.,  failed to adequately warn of the danger or

14  instruct on the safe use of the Taser M-26;

15     5. That a reasonable manufacturer under the same or similar circumstances

16  would have warned of the danger or instructed on the safe use of the Taser M-26;

17     6. That Plaintiffs' were harmed; and

18     7. That taser International Inc.'s,  failure to warn or instruct was a substantial

19  factor in causing Robert C. Heston's death and thus plaintiffs' harm.

20

21

22

23

24

25

26

27

28

1

### 3.1  DUTY TO DELIBERATE

2      When you begin your deliberations, you should elect one member of the jury as

3 your presiding juror.  That person will preside over the deliberations and speak for you

4 here in court.

5      You will then discuss the case with your fellow jurors to reach agreement if you

6 can do so.  Your verdict must be unanimous.

7      Each of you must decide the case for yourself, but you should do so only after

8 you have considered all of the evidence, discussed it fully with the other jurors, and

9 listened to the views of your fellow jurors.

10      Do not hesitate to change your opinion if the discussion persuades you that you

11 should. Do not come to a decision simply because other jurors think it is right.

12      It is important that you attempt to reach a unanimous verdict but, of course, only

13 if each of you can do so after having made your own conscientious decision.  Do not

14 change an honest belief about the weight and effect of the evidence simply to reach a

15 verdict.

16

17

18

19

20

21

22

23

24

25

26

27

28

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

1

### 3.3  RETURN OF VERDICT

2      A verdict form has been prepared for you.  [Any explanation of the verdict form

3  may be given at this time.]  After you have reached unanimous agreement on a verdict,

4  your presiding juror will fill in the form that has been given to you, sign and date it,

5  and advise the court that you are ready to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28