JOHN BURTON, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101

Telephone:  (626) 449-8300
Facsimile:   (626) 449-4417
E-Mail:       jb@johnburtonlaw.com

PETER M. WILLIAMSON, State Bar No. 97309
WILLIAMSON & KRAUSS
18801 Ventura Boulevard., Suite 206
Tarzana, California 91356

Telephone:  (818) 344-4000
Facsimile:   (818) 344-4899
E-Mail:       pmw@williamson-krauss.com

Attorneys for Plaintiffs Betty Lou Heston, individually,
and Robert H. Heston, individually and
as the personal representatives of Robert C. Heston, deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON and ROBERT H. HESTON, individually, and MISTY KASTNER, as the personal representative of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SALINAS, SALINAS POLICE DEPARTMENT, MICHAEL DOMINICI, JAMES GODWIN, LEK LIVINGSTON, JUAN RUIZ and TASER INTERNATIONAL, INC.,<br><br>Defendants. | Case No. C 05-03658 JW<br><br>PLAINTIFFS' MOTION IN LIMINE NO. THREE TO PRECLUDE WITNESSES NOT DESIGNATED AS EXPERTS PURSUANT TO RULE 26 FROM OFFERING EXPERT OPINIONS; MEMORANDUM OF LAW; DECLARATION OF JOHN BURTON<br><br>Pretrial Conference:<br><br>Date:         April 29, 2008<br>Time:        1:00 p.m.<br>Courtroom: 8<br><br>Trial:<br><br>Date:         May 13, 2008<br>Time:        9:00 a.m.<br>Courtroom: 8 |

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 29, 2008 at 1:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom "8" of the above-captioned court, located at 280 South First Street, San Jose, California, plaintiffs will move for an order in limine, to preclude witnesses not designated as experts pursuant to Rule 26 from offering expert opinions.

This Motion is based on this Notice of Motion, the attached Memorandum of Law, and on such other and further matters as the Court may consider at the hearing of this motion.

DATED: March 31, 2008

    Respectfully submitted,

    THE LAW OFFICES OF JOHN BURTON
    WILLIAMSON & KRAUSS

    BY:   /s/ JOHN BURTON
           Attorneys for Plaintiffs

MEMORANDUM OF LAW

In light of certain defense witnesses listed for trial, especially by TASER International, Inc., plaintiffs are seeking an order in limine to prevent defense counsel from eliciting expert opinions, otherwise admissible under Rule 702, from those witnesses for whom disclosures were not made pursuant to Fed. R. Civ. P. 26.

Plaintiffs designated four expert witnesses, one regarding TASER ECD characteristics and usage (Ernest Burwell), one regarding police command and tactics (Roger Clark), one regarding the cause of Robert C. Heston's cardiac arrest (Mark Myers, M.D.), and one on damages (Nathan Lavid, M.D., who will testify regarding the probabilities of rehabilitation had Mr. Heston survived his encounter with the defendant Salinas police officers).[1]

The City of Salinas defendants initially designated two experts, one on police practices (Ron Sanford), and one on damages (Mark Snyder, M.D., who will testify regarding the origins of emotional distress suffered by plaintiffs, Mr. Heston's parents). In rebuttal, they designated two of their own department's sergeants (Michael Groves and Jeffrey Gibson), to respond to opinions by Mr. Burwell and Mr. Clark, and a psychiatrist, James R. Missett, M.D., to respond to Dr. Lavid's prognosis of recovery for Mr. Heston.

TASER International, however, designated fifteen experts: three forensic pathologists (Vincent J. M. DiMaio, M.D., Michael Graham, M.D., and Charles V. Wetli, M.D.), two cardiologists ( Raymond E. Ideker, M.D., and Richard M. Lucerie, M.D.), two emergency medicine doctors ( Richard F. Clark, M.D., and Jeffrey D. Ho, M.D.), a toxicologist (Michael A. Evans, Ph.D.), three electrical engineers (Adam K. Aleksander, Ph.D., Mark W. Kroll, Ph.D.,[2] and Dorin Panescu, Ph.D.), an expert on product warnings ( Mark Lehto, Ph.D.), a neuro-pharmacologist (Deborah Mash, Ph.D.), an expert who defies

---

[1] Plaintiffs have withdrawn two experts they previously designated, Werner U. Spitz, M.D., a forensic pathologist, and Ronald K. Siegel, Ph.D., a toxicologist.

[2] One TASER expert, Dr. Kroll, was designated both initially and as a rebuttal expert. Plaintiffs contend in their Motion in Limine No. 2 that his proffered rebuttal opinions are outside the area of his expertise and should be excluded.

1  description (John Peters), and TASER International's CEO, Patrick "Rick" Smith.

2  Each of TASER's designated experts provided a Rule 26 report and answered
3  questions at deposition. Although plaintiffs are challenging both the number of these
4  experts and some of the opinions they intend to offer as being beyond their areas of
5  expertise in Plaintiffs' Motions in Limine Nos. One and Two, they are not challenging
6  them for non-compliance with Rule 26.

7  TASER has identified six witnesses, however, who were not percipient to any of the
8  events underlying this lawsuit: Andrew Hinz, Steve Tuttle, Hans Marrero, Rick Guilbault,
9  Max Nerheim, and Milan Cerovic. Each is an employee or agent of TASER International
10 and has technical knowledge regarding issues in this case. None tendered a Rule 26 expert
11 report and, therefore, none was deposed. Accordingly, plaintiffs contend that none should
12 be allowed to testify as an expert pursuant to Fed. R. Evid. 702.

13 Plaintiffs request that the Court obtain an offer of proof as to the testimony of each
14 of these six witnesses prior to trial, and exclude any testimony which falls within the ambit
15 of Fed. R. Evid. 702.

16 DATED: March 31, 2008

Respectfully submitted,

THE LAW OFFICES OF JOHN BURTON
WILLIAMSON & KRAUSS

BY: /s/ JOHN BURTON
        Attorneys for Plaintiffs