JOHN BURTON, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101

Telephone: (626) 449-8300
Facsimile: (626) 449-4417
E-Mail: jb@johnburtonlaw.com

PETER M. WILLIAMSON, State Bar No. 97309
WILLIAMSON & KRAUSS
18801 Ventura Boulevard., Suite 206
Tarzana, California 91356

Telephone: (818) 344-4000
Facsimile: (818) 344-4899
E-Mail: pmw@williamson-krauss.com

Attorneys for Plaintiffs Betty Lou Heston and Robert H. Heston, individually and Misty Kastner, as the Administrator of the Estate of ROBERT C. HESTON, deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON and ROBERT H. HESTON, individually, and MISTY KASTNER, as the Administrator of the Estate of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SALINAS, SALINAS POLICE DEPARTMENT, MICHAEL DOMINICI, JAMES GODWIN, LEK LIVINGSTON, JUAN RUIZ and TASER INTERNATIONAL, INC.,<br><br>Defendants. | Case No. C 05-03658 JW<br><br>PLAINTIFFS' NON-OPPOSITION TO CITY OF SALINAS' MOTION IN LIMINE NO. 4 TO EXCLUDE ANY TESTIMONY OF DR. TERRI HADDIX REGARDING HER COMMUNICATIONS WITH THE MONTEREY COUNTY SHERIFF-CORONER'S OFFICE<br><br>Pretrial Conference:<br><br>Date: April 29, 2008<br>Time: 1:00 p.m.<br>Courtroom: 8<br><br>Trial:<br><br>Date: May 13, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8 |

By its Motion in Limine No. 4, the Salinas defendants seeks exclusion of certain communications that took place between Dr. Terri Haddix (the medical examiner who performed the autopsy on Robert C. Heston for the County of Monterey) and certain officials from the Monterey County Sheriff's Department concerning her autopsy findings.

At her deposition, Dr. Haddix testified that after issuing her autopsy report (in which she concluded that the electrical discharges from TASER® Model M26's caused Mr. Heston's death), she was contacted by both Sheriff Kanalakis and Commander Clark, who urged her to drop TASER applications as a primary cause of death. She refused and told both men she would not change her conclusions. The Monterey County Sheriff-Coroner then provided Dr. Haddix' autopsy findings and narrative report to two other forensic pathologists – Drs. Hain and Karch. The intent was clear — to "shop" the findings of Dr. Haddix in order elicit a different opinion. Ultimately, Drs. Hain and Karch concurred in principal with Dr. Haddix that the TASER electrical discharges were a factor that contributed to Mr. Heston's death.

Plaintiffs do not object to this Motion in Limine being granted and do not intend to illicit such testimony from Dr. Haddix at the time of trial. Dr. Haddix will also be cautioned not to volunteer such testimony.

However, defendants have made it clear that they intend to attack the credibility of Dr. Haddix before the jury (which they certainly have the right to do). A clear indication is defendants' gratuitous and incorrect reference to Dr. Haddix' deposition testimony that she "agrees that there is no research that establishes that a TASER has done anything consistent with her opinions." (Motion P. 2:19-21).[1]

---

[1] The passage defendants appear to be referring to (their citation is inaccurate) reads:

Q. If I understand your testimony here today correctly, your belief, your opinion is that currently there is no research that establishes that the TASER has or doesn't have a relationship to the hypoxic/ischemic encephalopathy, right?

A. Via the mechanism of cardiac arrest in the settings that Mr. Heston was in, that's

(continued...)

Should the court grant this Motion in Limine, plaintiffs request that the court's order also preclude any testimony by **any** witnesses that the Monterey County Coroner, Dr. Hain or Dr. Karch reached different conclusions about Mr. Heston's cause of death.[2]

Should the defendants attempt to present evidence that Dr. Haddix' opinion on cause of death was not accepted by the Sheriff-Coroner, plaintiffs should be permitted to elicit the testimony from Dr. Haddix about the improper attempts to influence her opinions.

DATED:  April 14, 2008

                      Respectfully submitted,

                      THE LAW OFFICES OF JOHN BURTON
                      WILLIAMSON & KRAUSS

                      BY:  /s/ PETER M. WILLIAMSON
                              Attorneys for Plaintiffs

---

[1](...continued)
correct.

(Haddix Deposition, p. 124:22–25; 125:1–3)  This passage, which is incomprehensible without the preceding testimony, reflects on the dearth of scientific research concerning TASER ECD dangers rather than on the sound medical bases for Dr. Haddix' opinion.

In fact, the relevant research study was performed by Dr. Jauchem for the Air Force. The evidence at trial will show that its results were known to TASER before the incident, but the research was not published until after Dr. Haddix issued her report.

[2] No party has listed either Dr. Hain or Dr. Karch as a witness.