JOHN BURTON, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101

Telephone: (626) 449-8300
Facsimile: (626) 449-4417
E-Mail: jb@johnburtonlaw.com

PETER M. WILLIAMSON, State Bar No. 97309
WILLIAMSON & KRAUSS
18801 Ventura Boulevard., Suite 206
Tarzana, California 91356

Telephone: (818) 344-4000
Facsimile: (818) 344-4899
E-Mail: pmw@williamson-krauss.com

Attorneys for Plaintiffs Betty Lou Heston and Robert H. Heston, individually and Misty Kastner, as the Administrator of the Estate of ROBERT C. HESTON, deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON and ROBERT H. HESTON, individually, and MISTY KASTNER, as the Administrator of the Estate of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SALINAS, SALINAS POLICE DEPARTMENT, MICHAEL DOMINICI, JAMES GODWIN, LEK LIVINGSTON, JUAN RUIZ and TASER INTERNATIONAL, INC.,<br><br>Defendants. | Case No. C 05-03658 JW<br><br>PLAINTIFFS' NON-OPPOSITION TO TASER'S MOTION IN LIMINE NO. 7 TO EXCLUDE EVIDENCE OF OR REFERENCE TO THE TESTIMONY OF EXPERT WITNESSES NOT PREVIOUSLY IDENTIFIED<br><br>Pretrial Conference:<br><br>Date: April 29, 2008<br>Time: 1:00 p.m.<br>Courtroom: 8<br><br>Trial:<br><br>Date: May 13, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8 |

By its Motion in Limine No. 7, defendant, TASER, seeks exclusion of any evidence of, or reference to, the testimony of expert witnesses not previously identified pursuant to Federal Rule of Civil Procedure 26(a).

Plaintiffs do not object to this Motion in Limine being granted and do not intend to refer to, or introduce evidence of, testimony from expert witnesses who were not previously identified as such by them. In addition, plaintiffs do not intend to refer to, or introduce evidence of, testimony from expert witnesses that were previously identified by them but later withdrawn (Drs. Siegel and Spitz).

Plaintiffs request that such order be made mutual to all parties thereby preventing any party from referring to, or introducing evidence of, testimony from expert witnesses that were not previously identified by that party. The court, in essence, should order that what is good for the goose is equally good for the gander.

DATED: April 14, 2008

    Respectfully submitted,

    THE LAW OFFICES OF JOHN BURTON
    WILLIAMSON & KRAUSS

    BY:   /s/ PETER M. WILLIAMSON
           Attorneys for Plaintiffs