Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com

Michael Brave, Esq.
Wisconsin State Bar No. 1012226
National Litigation Counsel
3209 South Pointe Court
Eau Claire, WI 54701
brave@laaw.com

(Pro Hac Vice) Attorney for Defendant,
TASER INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON, individually, and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ, TIM SIMPSON and TASER INTERNATIONAL, INC., and DOES 1 to 10,<br><br>Defendants. | Case No.: C 05-03658 JW<br><br>[James Ware, United States District Judge]<br><br>**MOTION IN LIMINE NO. 11**<br><br>**RESPONSE TO PLAINTIFFS' "NON-OPPOSITION" TO DEFENDANT TASER INTERNATIONAL, INC.'S MOTION IN LIMINE NO. 11 FOR AN ORDER EXCLUDING THE INTRODUCTION OF EVIDENCE REGARDING THE DEFENDANT'S LIABILITY INSURANCE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>PTC Date:     4-29-08<br>Time:         1:00 pm.<br>Courtroom:    8<br><br>Final PTC:  4-29-08<br>Trial:      5-13-08 |

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

Defendant TASER INTERNATIONAL, INC. ("TASER") respectfully presents this Response to Plaintiffs' "Non-Opposition" to Defendant Taser International, Inc.'s Motion in Limine No. 11 for an Order Excluding the Introduction of Evidence Regarding the Defendant's Liability Insurance.

DATED: April 21, 2008    MANNING & MARDER
KASS, ELLROD, RAMIREZ LLP


By: /s/ Mildred K. O'Linn
    Mildred K. O'Linn
Attorneys for Defendant,
TASER INTERNATIONAL, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

Although captioned as a "non-opposition," plaintiffs do more than simply not oppose TASER's proper motion to exclude evidence of insurance. Plaintiffs seek affirmative relief in their own favor by asking "that such order be made mutual to all parties . . . ." Opposition, p. 2, line 4.

This is an improper request for affirmative relief in an opposition. If plaintiffs wanted an order limiting other parties' ability to introduce evidence, they should have made their own motion.

Plaintiffs concede that TASER's motion is proper, so the Court should enter the in limine order requested by TASER in this motion.

DATED: April 21, 2008        MANNING & MARDER
                             KASS, ELLROD, RAMIREZ LLP


                             By: /s/ Mildred K. O'Linn
                                  Mildred K. O'Linn
                             Attorneys for Defendant,
                             TASER INTERNATIONAL, INC.