JOHN BURTON, State Bar No. 86029
THE LAW OFFICES OF JOHN BURTON
414 South Marengo Avenue
Pasadena, California 91101

Telephone: (626) 449-8300
Facsimile: (626) 449-4417
E-Mail: jb@johnburtonlaw.com

PETER M. WILLIAMSON, State Bar No. 97309
WILLIAMSON & KRAUSS
18801 Ventura Boulevard., Suite 206
Tarzana, California 91356

Telephone: (818) 344-4000
Facsimile: (818) 344-4899
E-Mail: pmw@williamson-krauss.com

Attorneys for Plaintiffs Betty Lou Heston and Robert H. Heston, individually, and Misty Kastner as the Administrator of the Estate of Robert C. Heston, deceased

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON and ROBERT H. HESTON, individually, and MISTY KASTNER, as the Administrator of the Estate of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SALINAS, SALINAS POLICE DEPARTMENT, MICHAEL DOMINICI, JAMES GODWIN, LEK LIVINGSTON, JUAN RUIZ and TASER INTERNATIONAL, INC.,<br><br>Defendants. | Case No. C 05-03658 JW (RS)<br><br>PLAINTIFFS' PROPOSED JURY INSTRUCTIONS<br><br>(PHASE 2 — DAMAGES)<br><br>Pretrial Conference:<br><br>Date: April 29, 2008<br>Time: 1:00 p.m.<br>Courtroom: 8<br><br>Trial:<br><br>Date: May 13, 2008<br>Time: 9:00 a.m.<br>Courtroom: 8 |

The following instructions are based on Ninth Circuit Model Instructions unless otherwise noted.

DATED: April 28, 2008

                Respectfully submitted,

                THE LAW OFFICES OF JOHN BURTON
                WILLIAMSON & KRAUSS

                BY:  /s/ PETER M. WILLIAMSON
                        Attorneys for Plaintiffs

## INSTRUCTION NO 1.

You have returned your verdict on the issue of liability in favor of the plaintiffs. You must now decide whether and to what extent plaintiffs suffered any damage. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

INSTRUCTION NO 2.

Now that you have decided that plaintiffs Robert H. Heston and Betty Lou Heston have proved their claims against defendants, _____, you must decide how much money will reasonably compensate them for the death of their son, Robert C. Heston.

Robert H. Heston and Betty Lou Heston do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by Robert H. Heston and Betty Lou Heston fall into two categories called economic damages and non-economic damages. You will be asked to state the two categories of damages separately on the verdict form.

Robert H. Heston and Betty Lou Heston claims the following economic damages:

1. The financial support, if any, that Robert C. Heston would have contributed to the family during either the life expectancy that Robert C. Heston had before his death or the life expectancy of Robert H. Heston and Betty Lou Heston, whichever is shorter;

2. The loss of gifts or benefits that Robert H. Heston and Betty Lou Heston would have expected to receive from Robert C. Heston;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Robert C. Heston would have provided.

The parties have agreed that the funeral expenses incurred by plaintiffs to date are $1,189.30.

Your award of any future economic damages must be reduced to present cash value.

Robert H. Heston and Betty Lou Heston also claim the following non-economic damages:

1. The loss of Robert C. Heston's love, companionship, comfort, care, assistance, protection, affection, society, moral support.

INSTRUCTION NO 2.  (conti.)

No fixed standard exists for deciding the amount of non-economic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.  Your award for non-economic damages should not be reduced to present cash value.

In determining Robert H. Heston and Betty Lou Heston's loss, do not consider:

1.  Robert H. Heston and Betty Lou Heston's grief, sorrow, or mental anguish;
2.  Robert C. Heston's pain and suffering; or
3.  The poverty or wealth of Robert H. Heston and Betty Lou Heston.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation.  According to a table of mortality the life expectancy of a male person aged 40 years is 39.5 additional years.  According to a table of mortality the life expectancy of a female person aged 65 years is 18.4 additional years. According to a table of mortality the life expectancy of a male person aged 69 years is 15.5 additional years.  This published information is evidence of how long a person is likely to live but is not conclusive.   It is an average life expectancy of persons who have reached that age. These figures may be considered by you in connection with other evidence relating to the probable life expectancy of the decedent and each individual plaintiff, including evidence of occupation, health, habits and other activities, bearing in mind that many persons live longer and many die sooner than the average.

Authority:   CACI 3921(as modified)

INSTRUCTION NO 3.

You may award damages sustained by the decedent to plaintiffs Misty Kastner, as the Administrator of the Estate of Robert C. Heston, deceased.

Such damages include a sum to compensate decedent for his pain and suffering before death, and a separate sum to compensate decedent for his loss of enjoyment of life, that is for the deprivation of decedent's rights to life without due process of law.

Authority: **Guyton v. Phillips**, 532 F. Supp. 1154, 1166, 1169 (N.D. Cal. 1981), **rev'd in part on other grounds**, 606 F.2d 248 (9th Cir. 1979); **accord Bell v. City of Milwaukee** 746 F.2d 1205, 1235-1240 (7th Cir. 1984); **Sherrod v. Berry**, 827 F.2d 195, 205, (7th Cir. 1987) affirming 629 F. Supp. 159 (N.D. Ill. 1985).

INSTRUCTION NO. 4.

No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for pain and suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation. Furthermore, the argument of counsel as to the amount of damages is not evidence of reasonable compensation. In making an award for pain and suffering you should exercise your authority with calm and reasonable judgment and the damages you fix must be just and reasonable in the light of the evidence.

If you conclude that the plaintiffs are entitled to recover compensation for future non-economic damages, you should determine that amount in current dollars, that is, the amount paid at the time of judgment that will compensate plaintiffs for their future economic losses.

The method you use in determining future economic losses need not be followed by you in your determination of future non-economic damages.

# INSTRUCTION NO 5.

Any award of future economic loss must be only for its present cash value.

Present cash value is the present sum of money which, together with the investment return thereon when invested so as to yield the highest rate of return consistent with reasonable security, will pay the equivalent of lost future benefits at the times, in the amounts, and for the period that you find future benefits would have been received.

The present cash value will, of course, be less than the amount you find to be the loss of such future benefits.

In the event you have occasion to determine the present cash value of future constant annual economic losses, there is handed to you a table the correctness of which the court takes judicial notice and from which you can determine the present cash value of losses by following the instructions printed thereon.

INSTRUCTION NO 6.

Since you found for the plaintiffs and against defendants, _____ _____, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate a plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiffs have the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendants' conduct was malicious, oppressive or in reckless disregard of the plaintiffs' or the decedent's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiffs' or decedent's rights if, under the circumstances, it reflects complete indifference to the plaintiffs' or decedent's safety or rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's or decedent's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiffs or the decedent with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiffs or the decedent.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendants' conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs or the decedent.

INSTRUCTION NO 6. (cont.)

Punitive damages may not be awarded against the City of Salinas. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiffs or the decedent only nominal, and not compensatory, damages.

INSTRUCTION NO 7.

Since you found for the plaintiffs and against defendant TASER International Inc., on their Product Liability claims, you may, but are not required to, award punitive damages.

You may award punitive damages only if you find that TASER's conduct was malicious, oppressive or in reckless disregard of the plaintiffs' or the decedent's rights. In considering punitive damages, you may consider the degree of reprehensibility of TASER's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiffs or the decedent.

## INSTRUCTION NO 8.

You should award damages in an amount that fully compensates the plaintiffs for damages in accordance with instructions from the Court. Do not speculate or consider any other possible sources of benefit the plaintiff may have received. After you have returned your verdict, the Court will make whatever adjustments are necessary in this regard.

INSTRUCTION NO 9.

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Authority: CACI 3925

# INSTRUCTION NO 10.

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Authority: CACI 3964

## INSTRUCTION NO 11.

Now, you shall retire and deliberate on the issue of damages.

The foreperson previously selected may preside over your deliberations or you may elect to choose a new foreperson.

Your deliberations on the issue of damages shall be governed by the same instructions previously given to you so far as they are applicable as well as by the instructions on damages.

As soon as all of you have unanimously agreed upon a verdict on the issue of damages, have it signed and dated by your foreperson and then return with it to the court.

N.D. Cal. Case No. C 05-03658 JW (RS)
- 15 -