Mildred K. O'Linn, Esq. (State Bar No. 159055)
Timothy J. Kral, Esq. (State Bar No. 200919)
**MANNING & MARDER**
**KASS, ELLROD, RAMIREZ LLP**
15th Floor at 801 Tower
801 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
mko@mmker.com and tjk@mmker.com

Michael Brave, Esq.
Wisconsin State Bar No. 1012226
National Litigation Counsel
3209 South Pointe Court
Eau Claire, WI 54701
brave@laaw.com

(Pro Hac Vice) Attorney for Defendant,
TASER INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY LOU HESTON, individually, and ROBERT H. HESTON, individually and as the personal representatives of ROBERT C. HESTON, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF SALINAS and SALINAS POLICE DEPARTMENT, SALINAS POLICE CHIEF DANIEL ORTEGA, MICHAEL DOMINICI, CRAIG FAIRBANKS, JAMES GODWIN, LEK LIVINGSTON, VALENTIN PAREDEZ, JUAN RUIZ, TIM SIMPSON and TASER INTERNATIONAL, INC., and DOES 1 to 10,<br><br>Defendants. | Case No.: C 05-03658 JW<br><br>[James Ware, United States District Judge]<br><br>**DEFENDANT TASER INTERNATIONAL, INC.'S PROPOSED SPECIAL VERDICT FORM** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant TASER International, Inc. ("TASER") hereby submits the following proposed Special Verdict Form as to plaintiffs' claims against TASER. TASER reserves

the right to supplement the Special Verdict Form.

We, the jury answer the questions submitted to us as follows:

**1. PLAINTIFFS' CLAIM AGAINST TASER INTERNATIONAL, INC. FOR PRODUCTS LIABILITY UNDER NEGLIGENCE THEORY.**

**QUESTION NO. 1:**

The parties have stipulated that TASER International, Inc. ("TASER") manufactured the TASER M26 Electronic Control Device ("M26 ECD") which was used on Mr. Robert C. Heston, Jr.

Go to Question 2.

**QUESTION NO. 2**

Did TASER know or should it reasonably have known that the M26 ECD was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 3**

Did TASER know or should it reasonably have known that users would not realize the danger?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 4**

Did TASER fail to adequately warn of the danger or instruct on the safe use of the M26 ECD?

\_\_\_ Yes \_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 5**

Would a reasonable manufacturer under the same or similar circumstances have warned of the danger or instructed on the safe use of the M26 ECD?

\_\_\_ Yes \_\_\_ No

If your answer to question 5 is yes, then answer question 6. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 6**

Was TASER's failure to warn a substantial factor in causing harm to Mr. Robert C. Heston, Jr.?

\_\_\_ Yes \_\_\_ No

If your answer to question 6 is yes, then proceed to the next question. If you answered no, answer no further questions and have the presiding juror sign and date this form.

*Please proceed to the next Question.*

**2. PLAINTIFFS' CLAIM AGAINST TASER INTERNATIONAL, INC. FOR PRODUCTS LIABILITY UNDER STRICT LIABILITY THEORY.**

**QUESTION NO. 7**

Did TASER manufacture a product, the TASER M26 Electronic Control Device ("M26 ECD"), which had potential risks which were known or knowable by the use of scientific knowledge available at the time of manufacture?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 7 is yes, then answer question 8. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 8**

Did the potential risks present a substantial danger to people on whom the M26 ECD might potentially be used, which ordinary consumers would not have recognized?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 8 is yes, then answer question 9. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 9**

Did TASER fail to take reasonable measures to warn of the potential risks?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 9 is yes, then answer question 10. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 10**

Was the M26 ECD used or misused in a way that was reasonably foreseeable to TASER?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 10 is yes, then answer question 11. If you answered

no, answer no further questions and have the presiding juror sign and date this form.

## QUESTION NO. 11

Was a person within the range of potential danger harmed?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 11 is yes, then answer question 12. If you answered no, answer no further questions and have the presiding juror sign and date this form.

## QUESTION NO. 12

Was the lack of sufficient warnings a substantial factor in causing the harm to Mr. Robert C. Heston, Jr.?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If your answer to question 12 is yes, then answer question 13. If you answered no, answer no further questions and have the presiding juror sign and date this form.

## QUESTION NO. 13

Was the state of the art at the time of the subject incident such that the particular risk was neither known nor knowable by the application of scientific knowledge available at the time of manufacture and/or distribution?

\_\_\_\_\_ Yes \_\_\_\_\_ No

If you find that the risk was neither known nor knowable by the application of scientific knowledge available at the time of manufacture and/or distribution, then your answer is no. You should answer no further questions and have the presiding juror sign and date this form.

If you find that the risk was known nor knowable by the application of scientific knowledge available at the time of manufacture and/or distribution, then your answer is yes. You should then answer question 14.

**QUESTION NO. 14**

In completing the Special Verdict Form, did you answer "yes" to Nos. 6 or 12?

_____ Yes _____ No

If your answer to Question No. 14 is "yes," then answer Nos. 15, 16, and 17. If you answered no, answer no further questions and have the presiding juror sign and date this form.

**QUESTION NO. 15**

Was the decedent Robert C. Heston negligent?

___ Yes ___ No

If your answer to question 15 is yes, then answer question 16. If you answered no, go to Question 18.

**QUESTION NO. 16**

Was the negligence of the decedent Robert C. Heston a substantial factor in causing himself harm?

___ Yes ___ No

If your answer to question 16 is yes, then answer question 17. If you answered no, go to Question 18.

**QUESTION NO. 17**

Assuming that 100% represents the total combined fault or negligence which was the legal cause of Robert C. Heston Jr.'s death, what percentage of such combined fault is attributable to the Defendants on one hand, and to the decedent Robert C. Heston, Jr. on the other hand?

| | |
|---|---|
| City of Salinas: | _____% |
| TASER International, Inc: | _____% |
| Robert C. Heston: | _____% |
| | TOTAL = 100% |

## QUESTION NO. 18

If you find that the lack of sufficient warnings a substantial factor in causing the harm to Mr. Robert C. Heston, Jr., what amount of damages, if any, do you find that plaintiff sustained?

Please sign, date and return the form to the Court clerk.

DATED:_____

FOREPERSON OF THE JURY