IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Betty Lou Heston, et al., | NO. C 05-03658 JW |
| Plaintiffs, | **SUPPLEMENTAL CLOSING INSTRUCTION NO. 1** |
| v. | |
| City of Salinas, et al., | |
| Defendants. | |

Yesterday, I instructed you that damages resulting from negligence or strict product liability are subject to reduction under the law of comparative fault. I want to give you a further instruction regarding this matter. This supplemental instruction applies only to the Fourth and Fifth Claims which the Plaintiffs are asserting against TASER International.

As I instructed you yesterday, if you find that TASER International is liable under the Fourth or Fifth Claim, or both, you must determine whether the harm to Robert C. Heston was caused, in whole or in part, by his own negligent conduct. I want to clarify what is meant by negligent conduct in the context of this case.

A person is negligent if he does something which causes his injury that a reasonably careful person would not do in the same situation. On page 19 at line 12, in my original instruction, I described the issue as whether Robert C. Heston's own negligence caused his "death." I am modifying that instruction and instructing you

that the issue is whether Robert C. Heston's own negligence caused his "acidosis." If you find that Robert C. Heston's own negligent conduct caused acidosis to a degree that posed a risk of cardiac arrest and that prolonged deployment of Taser ECDs also concurrently caused acidosis to a degree that posed a risk of cardiac arrest, in other words, if you find that there were two causes operating concurrently, and that these two causes continued to operate concurrently up to the point when that Robert C. Heston had a cardiac arrest, you must decide what percentage of responsibility for the acidosis was Robert C. Heston's and what percentage of responsibility for the acidosis was TASER International's. You will find a place on the verdict form to indicate your finding.

By giving you this instruction, the Court is not suggesting that there was any contributory negligence by Robert C. Heston or that the prolonged deployment caused acidosis. Those are matters for you to decide.

Dated: June 4, 2008

JAMES WARE
United States District Judge

2