ORIGINAL

FILED

JUN 0 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Betty Lou Heston, et al., | NO. C 05-03658 JW |
| Plaintiffs, | **VERDICT** |
| v. | |
| City of Salinas, et al., | |
| Defendants. | |

WE THE JURY IN THE ABOVE-ENTITLED CASE FIND AS FOLLOWS:

**FIRST CLAIM**
**DEPRIVATION OF CONSTITUTIONAL RIGHTS**
**BY PERSONS ACTING UNDER COLOR OF LAW**

QUESTION NO. 1.

Do you find that the acts or omissions of any of the Defendant Police Officers listed below caused Robert C. Heston to be subjected to excessive force during his arrest or detention by deployment of Taser ECDs against him?

*[Please indicate your finding with regard to each individual officer by circling the appropriate answer below.]*

| | | |
|---|---|---|
| Defendant Lek Livingston | Yes | (No) |
| Defendant Juan Ruiz | Yes | (No) |

| | | |
|---|---|---|
| Defendant James Godwin | Yes | **(No)** |
| Defendant Michael Dominici | Yes | **(No)** |

*[Proceed to the next Question only if you answered "Yes" to Question No. 1 with regard to any of the Defendant Police Officers; otherwise, proceed to Question No. 12.]*

QUESTION NO. 2.

With respect to each Defendant Police Officer for whom you answered "yes" in the previous question, do you find that the acts or omissions of the particular Defendant or Defendants caused Robert C. Heston to suffer damages prior to his death from the use of excessive force?

Answer:

YES _____     NO _____

*[Proceed to the next question.]*

QUESTION NO. 3.

With respect to each Defendant Police Officer for whom you answered "yes" in Question No. 1, do you find that the acts or omissions of the particular Defendant or Defendants caused Plaintiffs Betty Lou Heston and Robert H. Heston, the parents of Robert C. Heston, to suffer damages because the excessive force was a substantial factor in causing the death of Robert C. Heston?

Answer:

YES _____     NO _____

*[Proceed to the next Question only if you answered "Yes" to Question No. 1 with regard to any of the Defendant Police Officers; otherwise, proceed to Question No. 9.]*

# SECOND CLAIM
# FAILURE ON THE PART OF
# CITY OF SALINAS POLICE DEPARTMENT
# TO ADEQUATELY TRAIN OR SUPERVISE

QUESTION NO. 4.

Do you find that before detention or arrest of Robert C. Heston, the policies or practices of the Defendant City of Salinas Police Department did not adequately <u>train</u> Salinas Police Officers to handle the usual and recurring situations with which they must deal with respect to the deployment of Taser ECDs?

Answer:

YES _____          NO _____

*[Proceed to the next question.]*

QUESTION NO. 5.

Do you find that before detention or arrest of Robert C. Heston, the policies or practices of the Defendant City of Salinas Police Department did not adequately <u>supervise</u> Salinas Police Officers to handle the usual and recurring situations with which they must deal with respect to the deployment of Taser ECDs?

Answer:

YES _____          NO _____

*[Proceed to the next Question only if you answered "Yes" to Question No. 4 or Question No. 5; otherwise, proceed to Question No. 9.]*

QUESTION NO. 6.

Do you find that Defendant City of Salinas Police Department was deliberately indifferent to the obvious consequences of its failure to train or supervise its police officers adequately with respect to the deployment of Taser ECDs?

Answer:

YES _____   NO _____

*[Proceed to the next Question only if you answered "Yes" to Question No. 6. If your answer is "No," skip to Question No. 9.]*

QUESTION NO. 7.

Do you find that the failure of the Defendant City of Salinas Police Department to provide adequate training or supervision with respect to the deployment of Taser ECDs was the moving force that caused Robert C. Heston to suffer damages prior to his death from the use of excessive force?

Answer:

YES _____   NO _____

*[Proceed to the next Question.]*

QUESTION NO. 8.

Do you find that the failure of the Defendant City of Salinas Police Department to provide adequate training or supervision with respect to the deployment of Taser ECDs was the moving force that caused Plaintiffs Betty Lou Heston and Robert H. Heston, the parents of Robert C. Heston, to suffer damages because the excessive force was a substantial factor in causing the death of Robert C. Heston?

Answer:

YES _____   NO _____

*[Proceed to the next Question.]*

## THIRD CLAIM
## BATTERY

QUESTION NO. 9.

Do you find that, in the course of detention or arrest of Robert C. Heston, any of the Defendant Police Officers listed below which acting in the course and scope of their employment by the City of Salinas Police Department, touched Robert C. Heston in an offensive manner to which he did not consent, namely, by intentionally using excessive force in the deployment of Taser ECDs against him?

*[Please indicate your finding with regard to each individual officer by circling the appropriate answer below. A "Yes" answer will also mean that the City of Salinas Police Department is jointly liable as the employer of the Officers.]*

| | | |
|---|---|---|
| Defendant Lek Livingston | **Yes** | **No** |
| Defendant Juan Ruiz | **Yes** | **No** |
| Defendant James Godwin | **Yes** | **No** |
| Defendant Michael Dominici | **Yes** | **No** |

*[Proceed to the next Question only if you answered "Yes" to Question No. 9 with regard to any of the Defendant Police Officers; otherwise, proceed to Question No. 12.]*

5

QUESTION NO. 10.

With respect to each Defendant Police Officer for whom you answered "yes" in Question No. 9, do you find that the intentional act of the particular Defendant or Defendants caused Robert C. Heston to suffer damages prior to his death from the use of excessive force?

Answer:

YES _____         NO _____

*[Proceed to the next Question.]*

QUESTION NO. 11.

With respect to each Defendant Police Officer for whom you answered "yes" in Question No. 9, do you find that the intentional act of the particular Defendant or Defendants caused Plaintiffs Betty Lou Heston and Robert H. Heston, the parents of Robert C. Heston, to suffer damages because the excessive force was a substantial factor in causing the death of Robert C. Heston?

Answer:

YES _____         NO _____

*[Proceed to the next Question.]*

# FOURTH CLAIM
## NEGLIGENCE BY MANUFACTURER IN FAILING TO WARN

QUESTION NO. 12.

Do you find that TASER International was the manufacturer of Taser ECDs which are devices capable of delivering electric shocks to a person against whom they are deployed?

Answer:

YES __✓__          NO _____

*[Proceed to the next Question only if you answered "Yes" to Question No. 12. If your answer is "No," skip to Question No. 20.]*

QUESTION NO. 13.

Do you find that, at the time TASER International manufactured and sold Taser ECDs, a reasonably prudent manufacturer of an electronic control device knew or reasonably should have known that the Taser ECD was dangerous or likely to be dangerous because prolonged exposure to electric shock from the device potentially causes acidosis to a degree which poses a risk of cardiac arrest in a person against whom the device is deployed?

Answer:

YES __✓__          NO _____

*[Proceed to the next Question only if you answered "Yes" to Question No. 13. If your answer is "No," skip to Question No. 16]*

QUESTION NO. 14.

Do you find that a reasonably prudent manufacturer of an ECD would have warned purchasers of this risk and that TASER International failed to adequately warn purchasers of the risk?

Answer:

YES ✓      NO ____

*[Proceed to the next Question only if you answered "Yes" to Question 14. If you answer is "No," skip to Question No. 16.]*

QUESTION NO. 15.

Do you find that, on February 19, 2005, Salinas Police Officers, while using the product in a manner reasonably foreseeable by TASER International, administered a prolonged deployment of Taser ECDs against Robert C. Heston, and that the failure by TASER International to warn the Salinas Police Officers of the risks of prolonged deployment was a substantial factor in causing the officers to use the device in such a way?

Answer:

YES ✓      NO ____

*[Proceed to the Next Question.]*

8

# FIFTH CLAIM
## STRICT PRODUCTS LIABILITY

QUESTION NO. 16.

Do you find that at the time TASER International manufactured and sold Taser ECDs to the Salinas Police Department, TASER International knew or it was knowable by the use of available scientific knowledge, that prolonged exposure to shocks from Taser ECDs potentially causes acidosis to a degree which poses a substantial danger, namely of causing a person against whom the device is deployed to have a cardiac arrest?

Answer:

YES _____         NO ___✓___

*[Proceed to the next Question only if you answered "Yes" to Question No. 16. If your answer is "No," skip to Question No. 18.]*

QUESTION NO. 17.

Do you find that ordinary purchasers of the Taser ECDs would not have recognized this risk, and that TASER International failed to adequately warn purchasers of this risk?

Answer:

YES _____         NO _____

*[Proceed to the next Question.]*

QUESTION NO. 18.

If you answered "Yes" to Question No. 15 or "Yes" to Question No. 17, do you find that as a consequence of the prolonged deployment of Taser ECDs prior to his death, Robert C. Heston suffered acidosis to a degree which caused him to have a cardiac arrest?

Answer:

YES  ✓      NO _____

*[Proceed to next Question only if you answered "Yes" to Question No. 18. If you answer is "No," skip to Question 20.]*

QUESTION NO. 19.

Do you find that Plaintiffs Betty Lou Heston and Robert H. Heston, the parents of Robert C. Heston, suffered harm because, as a consequence of the cardiac arrest, Robert C. Heston died.

Answer:

YES  ✓      NO _____

*[Proceed to Question No. 20.]*

10

# DAMAGES

## ESTATE OF ROBERT C. HESTON

QUESTION NO. 20.

If you answered "yes" to Question No. 2, Question No. 7, Question No. 10, or Question No. 18, what if any, amount of <u>compensatory</u> damages do you award to the Estate of Robert C. Heston for the injuries he suffered prior to his death?

*If you do not award compensatory damages, you should award nominal damages of $1.00.*

[Please indicate your award by filling the blank below.]

$ __$21,000__

[Proceed to the next Question.]

QUESTION NO. 21.

If you answered "yes" to Question No. 2, Question No. 10, or Question No. 18, what if any, amount of <u>punitive</u> damages do you award to the Estate of Robert C. Heston against each Defendant for injuries suffered prior to his death?

[Please indicate your award with regard to each Defendant by filling in the appropriate blank below.]

| Defendant | Amount |
|---|---|
| Defendant Lek Livingston | $ —0— |
| Defendant Juan Ruiz | $ —0— |
| Defendant James Godwin | $ —0— |
| Defendant Michael Dominici | $ —0— |
| Defendant TASER International | $ 200,000 |

[Proceed to the next Question.]

## ROBERT H. HESTON AND BETTY LOU HESTON

QUESTION NO. 22.

If you answered "yes" to Question No. 3, Question No. 8, Question No. 11, or Question No. 19, what if any, amount of <u>compensatory</u> damages do you award to Robert H. Heston and Betty Lou Heston for their loss resulting from the death of Robert C. Heston?

*If you do not award compensatory damages, you should award nominal damages of $1.00.*

*[Please indicate your award by filling the blank below.]*

$ __1,000,000__

*[Proceed to the next Question.]*

QUESTION NO. 23.

If you answered "yes" to Question No. 3, Question No. 8, Question No. 11, or Question No. 19, what if any, amount of <u>punitive</u> damages do you award to Robert H. Heston and Betty Lou Heston for their loss resulting from the death of Robert C. Heston?

*[Please indicate your award with regard to each Defendant by filling in the appropriate blank below.]*

| Defendant | Amount |
|---|---|
| Defendant Lek Livingston | $ -0- |
| Defendant Juan Ruiz | $ -0- |
| Defendant James Godwin | $ -0- |
| Defendant Michael Dominici | $ -0- |
| Defendant TASER International | $ 5,000,000 |

*[Proceed to the next Question.]*

## COMPARATIVE FAULT

QUESTION NO. 24

If you awarded damages under Question No. 20, what comparative percentage of fault do you attribute to each Defendant?

*[Please indicate percentage fault with regard to each Defendant by filling in the appropriate blank below; these numbers should add up to 100%.]*

| | |
|---|---|
| Defendant Lek Livingston | 0 % |
| Defendant Juan Ruiz | 0 % |
| Defendant James Godwin | 0 % |
| Defendant Michael Dominici | 0 % |
| Defendant City of Salinas | 0 % |
| Defendant TASER International | 100 % |

*[Proceed to the next Question.]*

QUESTION NO. 25

If you answer "Yes" to Question 18 or Question 19, do you find that Robert C. Heston's own negligent conduct caused acidosis to a degree that posed a risk of cardiac arrest concurrently with the prolonged deployment of Taser ECDs, and that these two causes continued to operate concurrently to the point that Robert C. Heston had a cardiac arrest?

Answer:

YES ✓         NO ____

*[Proceed to the next Question only if you answered "Yes" to Question 25; otherwise, proceed to the end.]*

QUESTION NO. 26

If you answered "yes" to Question No. 25, what comparative percentage of fault do you attribute to Robert C. Heston and TASER International?

*[Please indicate percentage fault with regard to each by filling in the appropriate blank below; these numbers should add up to 100%.]*

| | |
|---|---|
| Robert C. Heston | 85 % |
| Defendant TASER International | 15 % |

*[Have your presiding juror sign and date this verdict form. Send a note out to Courtroom Deputy Clerk Elizabeth Garcia stating that "The jury has reached a verdict." Place this verdict form in the special folder provided to you and have your presiding juror bring it with you when you are summoned into Court.]*

DATED:  6/6/08                            _____
                                          Presiding Juror Signature

14